UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:22-cr-108-SPC-KCD

DEVIN RYAN MARESCA

## OPINION AND ORDER

Before the Court is Defendant Devin Ryan Maresca's Motion to Transfer Venue for Trial (Doc. 50), along with the Government's opposition (Doc. 54). For the below reasons, the Court denies the motion.

On November 2, 2022, Defendant was indicted for mail fraud and aggravated identity theft because he allegedly made false claims for damaged packages to the United States Postal Service. (Doc. 1). Defendant's supposed actions caused the Post Office to mail reimbursement checks to Defendant at different addresses in this District. (Doc. 1 at 4).

Because Defendant has been living in New Castle, Pennsylvania, he was arrested, appeared, and released on bond in the Western District of Pennsylvania ("WDPA"). (Docs. 9; Doc. 9-3 to 9-5). Defendant later appeared here (via Zoom) to plead not guilty to the charged offenses. (Doc. 8; Doc. 10; Doc. 14). Over the last seven months, Defendant has changed attorneys (Doc. 32) and asked for six trial continuances (Docs. 21, 24, 38, 41, 44 & 47). With

trial set next month, Defendant now moves to transfer venue under Federal Rule of Criminal Procedure 21(b).

Under Rule 21(b), a defendant may move the court to "transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). When evaluating a Rule 21(b) motion, courts consider ten factors—none of which are exhaustive or exclusive:

> (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

*Platt v. Minnesota Mining and Mfg. Co.*, 376 U.S. 240, 243-44 (1964); *see also United States v. Hoover*, No. 3:21-cr-22(S3)-MMH-MCR, 2022 WL 4017251, at *5 (M.D. Fla. Sept. 2, 2022). "A transfer of venue is completely within the discretion of the trial court and the decision to deny a change of venue request will be reversed only for abuse of discretion." *United States v. Smith*, 918 F.2d 1551, 1556 (11th Cir. 1990) (citations omitted).

A defendant has a window for moving to transfer the trial. Under Rule 21(d), "[a] motion to transfer may be made at or before arraignment or at any other time the court or these rules prescribe." Fed. R. Crim. P. 21(d).

Defendant's motion is untimely. He filed it eight months after his

arraignment and seven months after the deadline for pretrial motions. (Doc. 16 at 7-8). At the last status conference, the Court denied defense counsel's request to extend the pretrial motions deadline but said he may make another extension request "if necessary after speaking with his client." (Doc. 47). Rather than heed the Court's instruction, Defendant just filed the motion. The Court thus denies the motion.

Even ignoring the motion being untimely, the *Platt* factors still favor keeping the action here. Defendant highlights he lives in Pennsylvania, cannot afford travel and lodging here, is a homemaker, and is the primary caregiver for his widowed mother. But Defendant's position is flawed. Although he now lives in Pennsylvania, he has lived most of his life in Cape Coral. And Defendant's old Cape Coral home is from where most of his alleged fraudulently scheme happened. He also received checks from the Postal Service in mailboxes he set up in and around Cape Coral and Fort Myers. This case's nexus to this Court also tracks the Government's representation that "[n]one of the fraudulent claims that [Defendant] is being prosecuted for were submitted from WDPA." (Doc. 54 at 3).

The Court understands that Defendant lives—without a job—in Pennsylvania, which makes the WDPA a more economical place for him for trial. But Defendant has no "constitutional right to be tried in the district encompassing his residence." *United States v. Kopituk*, 690 F.2d 1289, 1322

(11th Cir. 1982). And his claims about being a homemaker and primary caregiver to his mother are vague at best. He does nothing to explain his responsibilities at home, his mother's condition, and the nature or intensity of her care. Without such information, the Court cannot assess what disruption, if any, keeping the trial here will have on Defendant.

Finally, the locations of the witnesses, documents, records, and counsel all favor the trial staying put. For example, the Government expects calling at least seven local witnesses from Fort Myers, Cape Coral, and Tampa. If the Court granted the motion, those witnesses would now have to travel to the WDPA for Defendant's trial. And so too would the attorneys for both parties. At bottom, Defendant offers nothing other than his personal inconvenience and expense to call for a new venue. The Court thus denies the motion.

Accordingly, it is now

**ORDERED:**

Defendant Devin Ryan Maresca's Motion to Transfer Venue for Trial (Doc. 50) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on July 14, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

4